tended the plaintiff testified that the latter sustained a severe strain of the spine, a contusion over the spine, and one on the back of the head, with swelling and concussion of the brain; that the swelling was as large as his fist; that the top of the spine was bruised and discolored; that there was a cut on one ear, and bruises on the thighs and knees. The bruise on the right hip was six or seven inches long and discolored. The knee was contused, discolored, and swollen. There was a contusion over the ribs. He complained of and suffered great pain. The physician treated him for five weeks, making 15 calls at the house, and the plaintiff called at the office for treatment from 10 to 15 times. The physician testified that his services were worth $50; that when he ceased treating plaintiff the pain in the back and spine had not abated. And the plaintiff testified that at the time of the trial —seven months after the accident—he suffered pain in his back; that for five weeks he was laid up and unable to work; and that for seven weeks he suffered intense pain in his back, head, shoulder, and side. The verdict for $300 is not excessive, and, there being nothing in the record to indicate that the jury acted from improper motives, from a mistaken view of the facts, or disregard of the law of the case, it must be reinstated.

Order reversed, and the verdict of the jury reinstated, with costs. All concur, except BURR, J., who dissents upon the ground that the plaintiff should have been nonsuited.

---

### MANNING v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

CARRIERS (§§ 321, 348*)—INJURIES TO PASSENGERS—ISSUES—INSTRUCTIONS—
NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

    Where, in an action for injuries to a street car passenger by the sudden starting of the car after it had slowed down to permit the passenger to alight, a witness testified that the car started with a jerk, throwing the passenger on the back platform off the car, and the conductor and motorman testified that the car was not started with a jerk, a charge that the passenger must show that the accident happened through the negligence of the street railroad, without stating that there was no negligence unless it resulted from suddenly starting the car forward, was defective for failing to charge that there could be no recovery if the passenger was guilty of contributory negligence, and for failing to charge specifically as to the absence of negligence of the street railroad if the accident happened as testified to by its witnesses.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1336, 1404; Dec. Dig. §§ 321, 348.*]

    Hirschberg, P. J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by James Manning against the Nassau Electric Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Francis R. Stoddard, Jr., for appellant.
James F. Lynch, for respondent.

WOODWARD, J.   This is an appeal from a judgment of the Municipal Court, entered upon the verdict of a jury, awarding the plaintiff $350 damages in an action for personal injuries.   The plaintiff was injured while a passenger on one of the defendant's cars.   The complaint simply alleges that, through the negligence of the defendant, plaintiff was violently thrown and precipitated from the car.   The specific act of negligence is not pointed out.   On direct examination the plaintiff testified that when on Marcy avenue—

"about half a block from Stockton street, I told the conductor to stop the car; that I wanted to get off at Stockton street.   He gave the bell to the motorman to stop the car, and the car was slowing up, and I came out on the back platform, and he went inside, and he gave two bells again in quick succession, and thrown me right off the car."

On his direct examination he stated no cause for being thrown from the car except the ringing of the bells.   On his cross-examination, in referring to the ringing of the two bells, he says, "That is what thrown me off—the jerk"—whether of the bells or the car does not then clearly appear.  ·The witness Johnson, however, testified to enough to make the plaintiff's case.   He says:  ·

"I heard two bells, and the car started up on a jerk, and the man got thrown off on the side of his face."

The defendant's conductor says that the car stopped at Floyd street (which is the street before Stockton street), and that he did not give two bells after the car was in the center of the block; but from that point the plaintiff was on the step, and although he was cautioning him to wait until the car stopped, and had his hand on his shoulder, as the car approached the near side of Stockton street, and while it was still in motion, he swung out, and the conductor lost his hold on him, and he fell.   He says the car did not start up with a jerk.   The motorman says that in the middle of the block he got one bell and began to slow down, the proper place to stop being on the far corner of Stockton street, and that he did not start up again.   He came to a full stop at the far side of Stockton street, and then found out that the accident had already happened.

The defendant requested the court to charge:

"If the jury believe that the accident happened in the way as testified by defendant's witnesses, they must find for the defendant."

This was refused, and the defendant excepted.   This was a proper request, because, if the accident happened in the way testified to by the defendant's witnesses, there was no possible inference of negligence on the part of the defendant to be drawn.   The court had not covered the question in his main charge.   He had generally told them that the plaintiff must show that the accident happened through the negligence of the defendant; but he had not in express terms told

them that there was no negligence on the part of the defendant, unless it resulted from suddenly starting the car forward. The defendant's witnesses testified positively that it had not been done. The defect in this charge was, not alone that the court did not specifically say that no recovery could be had if the jury found the plaintiff guilty of contributory negligence, but that the court did not charge them specifically as to the absence of the defendant's negligence.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.